Hargrove v. John et al.

No. 13,751.

HARGROVE v. JOHN ET AL.

PLEADING.—*Answer.*—*Demurrer.*—*Amendment.*—*Waiver.*—Where a demurrer has been sustained to a paragraph of answer, and another paragraph is subsequently filed setting up substantially the same defence, the latter will be deemed an amendment, superseding the original paragraph, and error in sustaining the demurrer is waived.

EVIDENCE.—*Promissory Note.*—*Agreement to Allow Discount.*—*Declarations of Agent.*—Where, in an action upon a promissory note, the defendant claims a deduction in pursuance of an alleged agreement between him and the plaintiff, whereby a two per cent. discount was to be allowed on all payments made before the maturity of the note, it is not competent, where the agent has testified as to his authority, for the defendant to testify that the plaintiff's agent, to whom money was paid, deducted the discount, saying it was according to his instructions.

SAME.—*Letter Written at Instance of Party.*—*Showing of Authority.*—In such case, a letter purporting to have been written by a third person to the agent, at the instance of the plaintiff, is not admissible in the absence of evidence that the plaintiff authorized the letter to be written.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones*, for appellant.
*J. L. Mason* and *J. H. Mellett*, for appellees.

OLDS, J.—This is an action by the appellees against the appellant on two promissory notes, one for $2,500 and the other for $1,500. The defendant answered in four paragraphs. The plaintiffs filed a separate demurrer to each paragraph of answer. The court sustained the demurrer to the fourth paragraph, and overruled it as to the others.

The fourth paragraph alleges that the plaintiffs' interests in the notes were separate, each owning a certain amount of the notes, and pleading a set-off against the interest of each. The defendant, Hargrove, without taking leave to amend the fourth paragraph, filed an additional paragraph of answer, numbered five, setting up substantially the same facts and

pleading the same items of set-off; which fifth paragraph was demurred to and the demurrer overruled, and the plaintiffs filed a reply to the first, second, third, and fifth paragraphs of the answer and the cause was tried, resulting in a finding and judgment for plaintiffs for $224.68.

Error is assigned on the ruling of the court in sustaining the demurrer to the fourth paragraph of the answer. In the case of *Hunter* v. *Pfeiffer*, 108 Ind. 197, the court says: "Where a demurrer has been sustained to a pleading, any other pleading subsequently found in the record, which presents substantially the same cause of action, or defence, will be regarded as having been filed by leave of court as an amendment, and will be treated as having superseded the pleading, or paragraph thereof, which it amends; this, too, without regard to the manner in which the subsequent pleading is entitled." To the same effect is the holding of the court in *Trisler* v. *Trisler*, 54 Ind. 172. This is a just and equitable rule; the appellant was in no way injured by the ruling of the court in sustaining the demurrer to the fourth paragraph. He was permitted to plead the same facts, and set up the same defence in the fifth paragraph as was pleaded in the fourth. There is no available error in the ruling of the court sustaining the demurrer to the fourth paragraph of answer.

It is alleged in the first paragraph of the defendant's answer that the defendant was to have a discount of two per cent. on the amount of money paid to the plaintiffs upon the notes, before the maturity of the $1,500, and that, in pursuance of such agreement, he had paid certain amounts before the maturity of the $1,500, and was thereby entitled to the discount of two per cent. on such amounts so paid. Upon the trial of the cause, the evidence showed that the notes were in the hands of one Chandler for collection, and that defendant Hargrove had paid certain amounts upon the notes to said Chandler; Chandler having testified as a witness, and stated that the notes were in his hands for collection, and that he

Hargrove v. John et al.

had some instructions in regard to a discount to be allowed on the notes. The record shows that the defendant was recalled as a witness in his own behalf, and was asked to " state what was said in the bank at the time this last payment was made on this note." Objection was made to the question, and the objection sustained.

The witness was then asked to " state why the note was not surrendered at the time the four hundred sixty-two dollar payment was made ;" objection was made to this question, and overruled, and the witness answered as follows : " Well, there was no jar in the settlement until we came to the last payment on the ledger, and he would not pay the last payment on the ledger; and he held that note from me until that was settled." To which testimony the plaintiff objected, and the court sustained the objection. Whereupon the defendant, by counsel, stated : " We propose to show by this witness that at the time this four hundred and sixty-two dollar payment was made to Mr. Chandler, Mr. Chandler was the agent of the plaintiffs, and deducted one hundred and twenty dollars discount, the same being two per cent. from the fifteen hundred-dollar note for four years, and said to the defendant that was in pursuance of his instructions as agent of the plaintiffs, and that was in consideration of the fact that he was then making, and had made, full payment of the note before its maturity."

The allegations in appellant's answer are, that it was agreed between him and the plaintiffs that he should have the two per cent. discount.

We do not understand from the brief of counsel for the appellant that it is contended that such contract was made between the appellant and Chandler as the agent of the appellees. As contended by counsel, the question is presented in this way : It is claimed by appellant that he and the appellees had agreed that if he paid a certain amount before the $1,500 note became due he should have a discount on the amount paid of two per cent., and afterwards the notes were

placed in the hands of Chandler for collection, and appellant paid a certain amount, and appellees brought suit upon the notes, and appellant claims credit for a deduction of two per cent. on the amount paid from the amount of the note. There is no controversy as to the amount paid to Chandler, but the question in issue is, whether, by a contract with the appellees, the appellant is entitled to a credit for the amount of the discount; and appellant, when testifying in his own behalf, asks to testify that when he made a certain payment to Chandler, Chandler deducted the amount of the discount, and said it was in pursuance of his instructions as agent. If permitted to give this testimony it would be simply Chandler's conclusions, drawn from his conversations, or contracts, or letters, with or from the appellees. But the fact in issue in the case was not whether Chandler allowed it or not, but whether appellant was entitled to that amount of credit in this suit; and Chandler had testified upon the trial of this cause fully in regard to his authority and relations with the appellees.

The evidence was not proper, and the court committed no error in excluding it, even if it can be said that the questions propounded were calculated to elicit the evidence, which is very doubtful.

The next alleged error discussed is the ruling of the court in sustaining an objection to the admission of a letter in evidence purporting to have been written by Flora E. John to Morgan Chandler, at the instance of the appellee, Mary C. John, but there was no evidence that the appellee authorized the letters offered in evidence to be written.

The next alleged error discussed by counsel is as to the amount of recovery, but no question is presented as to the assessment of damage, for the reason that there is no proper assignment of error in the motion for new trial. There is no error in the record.

Judgment affirmed, with five per cent. damages, and costs.

Filed October 10, 1889.