INSURANCE COMPANY—WAIVER OF PROOF OF LOSS.—It is error to instruct the jury that a denial by the agent of a fire insurance company of its liability for a loss is a waiver of the preliminary proofs of loss required by the policy, where such denial was accompanied by a direction to the insured to furnish the company proof of loss in accordance with the terms of the policy. (Page 593.)

Appeal from Randolph Circuit Court.

JOHN C. HAWTHORNE, Special Judge. ·

### STATEMENT BY THE COURT.

The appellee, Ira A. B. Minner, brought this suit in the Randolph circuit court against the appellant, Phœnix Insurance Company, on a fire insurance policy issued by the appellant to him on the 23d of September, 1893, insuring the appellee for one year from that date against loss by fire and lightning on certain property to the amount of $1,620, apportioned as follows: "Dwelling, $1,000; household furniture, $200; parlor melodeon, $50; sewing machine, $20; barn, $200; and farm produce, $150.

The amended complaint of plaintiff alleges that the defendant company issued to plaintiff a policy for the sum of $1,620 on the above-described property; that while the policy was in full force and effect, the said dwelling of the value of $1,000, household furniture of the value of $200, and sewing machine of the value of $20, were wholly destroyed by fire, which occurred without plaintiff's fault or negligence; that due notice of loss was given as required by the policy, and that the plaintiff is damaged by said loss as above set forth in the sum of $1,220, which the defendant refuses to pay. Plaintiff makes the policy a part of his amended complaint.

The answer of appellant admits that it issued the policy to plaintiff as alleged, subject to the terms, conditions, agreements and representations contained in said policy, and the application

made by the plaintiff for insurance, the application being made
a part of the answer.    The answer denies that the property was
destroyed without the knowledge, fault or negligence of the
plaintiff; denies that notice and proof of said loss was given by
plaintiff, as required, and alleges that it never waived such notice
or proof of loss, and denies that appellee is damaged as alleged.
As a further defense, defendant alleges that plaintiff made false
and fraudulent statements in his application for insurance, which
were unknown to it, and which induced it to issue the policy.
[The said false and fraudulent representations are particularly
set out in the answer, of which the application is made a part.]
That the truthfulness of the representations in the application
were made warranties, and it was agreed in the policy that any
false representations in the application should render the policy
void.

The evidence having been introduced, the defendant asked
the following instructions:

"2.    The jury are instructed that if they find from the
evidence that, by the terms of the contract of insurance sued
upon, the plaintiff was  required to furnish or  submit to the
defendant proofs of his loss in a certain prescribed manner
before  the loss  would become  payable, then, in that  event, it
would devolve on the plaintiff to show, before  he can  recover,
either  that  he did  furnish proofs  in  manner required, or that
the defendant company waived the same by agent properly
authorized.    And if you should find from the evidence that no
proofs of loss were submitted, as required by the terms of the policy,
prior to the institution of this suit, and should further find that
the defendant company never waived such proofs, then you will
find for the defendant."    The court refused to give the said
instruction as asked.    To which ruling of the court the
defendant at the time excepted.    The court thereupon modified
the said second instruction, and gave it as modified, as follows:
"The jury are instructed that if they find from the evidence
that, by the terms of the contract of insurance here sued
upon, the plaintiff was required to furnish or submit to
the defendant company proofs of loss in a certain prescribed
manner before  the loss would become payable, then, and in
that event, it would devolve on the plaintiff to show, before he

can recover, either that he did furnish proofs in the manner required, or that the defendant company waived same by agent having proper authority. And if you should find from the evidence that no proofs of loss were submitted, as required by the terms of the policy, prior to the institution of this suit, and should further find that the defendant company never waived such proofs, then you will find for the defendant. But, if you find that the defendant company refused to pay the loss upon the ground that the plaintiff made false or untrue representations in his application for the policy sued on, or was guilty of burning his house, you will be authorized to find that the defendant waived the proofs of loss." To the giving of which second instruction, as modified, the defendant at the time excepted, and had his exceptions noted of record.

The court, on its own motion, gave the following instruction: "You are instructed that if you find for the plaintiff in this cause, and find that, among other property insured, was certain houses or real estate, and should find that the same was totally destroyed, then and in such event the amount of your finding as to that would be the amount for which same was insured, as, in a case of total destruction, it would be a liquidated demand for the amount for which it was insured."

The jury returned a verdict for the plaintiff on August 2, 1895, and assessed his damages at $1,177. Judgment was entered accordingly for plaintiff. On the same day the defendant filed its motion for a new trial, and asked that the verdict be set aside on account of modification of the second instruction, etc.

*J. M. Moore* and *W. B. Smith*, for appellant.

Notice of loss and proof thereof by insured to insurer, where there is a stipulation therefor in the policy, is waived only when the acts relied on ought, in equity, to estop the party from denying such waiver. 66 Pa. St. 17. To amount to a waiver of notice and proof of loss, there must be a total denial of liability by insurer, when refusal to pay is the ground on which the claim of waiver is based. 53 Ark. 494; 60 Miss. 313; 16 Ill. App. 250; 66 Pa. St. 17; 34 Conn. 569; 35 Mo. 101; 3 Gill, 176; 70 Ia. 329; 32 Gratt. 629; 16 Ill. App. 248; 36

Kas. 763; 38 Hun, 250; 36 Mich. 289; 30 Wis. 568; 6 Phila. 252; 57 N. Y. 505.    It was error to allow counsel for appellee, in the trial below, to state to the jury that the appellant had never been known to pay a loss until compelled to.    48 Ark. 130.    Insured made false representations which avoid the policy, and this defense was not waived by appellant.    66 N. Y. 166.

*P. H. Crenshaw*, for appellee.

The statements of the adjuster of appellant, when the offer of compromise was refused by appellee, amount to a denial of all liability by the company.    53 Ark. 494.    Further than this, the statement made to appellee by the agent of appellant, to the effect that the statement of loss need not be sent in, was a waiver of such statement; and the presumption is that he was duly authorized.    13 Wall. 222; 43 N. J. L. 652; 11 Am. & Eng. Enc. Law, p. 338, § 4.    There is no error in the instructions given by the court.    53 Ark. 494.    The offer by appellant to rebuild was an additional waiver of proofs of loss, and has the effect of fixing its liability.    11 Mich 425.

*J. M. Moore* and *W. B. Smith*, for appellant, in reply.

The agent had no authority to waive proofs of loss.    The burden was on appellee to show, not only this waiver, but authority for it.    61 Ark. 113; 54 Ark. 78.

HUGHES, J., (after stating the facts.)    As this cause must be remanded on account of error in modifying the second instruction asked by the defendant, we will say nothing about the evidence, save what in our judgment is necessary to a proper understanding of the opinion of the court.

One of the conditions precedent to the right of recovery by loss by fire, according to provisions in the policy, is as follows:    "In case of loss the assured shall give this company immediate notice thereof at its branch office in Cincinnati, Ohio, and within sixty days thereof render under oath to its office aforesaid a particular account of said loss, setting forth the date and circumstances of the same, the title and occupation of the property, and shall furnish an itemized statement of the building or buildings by some reliable builder, and, if required, said proofs shall be signed by two disinterested neigh-

38

bors, and by the nearest magistrate, certifying their belief that the statements are true, and that assured has, without fraud, sustained the loss as set forth in said proofs; and until the proofs required herein are made, the loss shall not be payable."

This requirement is imperative, and must be complied with, unless it is waived by the insurance company. Was there a waiver of proofs of loss? In *Beatty* v. *Lycoming Insurance Company*, 66 Pa. St. 17, Judge Sharswood said: "Now, to constitute a waiver there should be shown some official act or declaration by the company during the currency of the time, dispensing with it; something from which the assured might reasonably infer that the underwriters did not mean to insist upon it. As is remarked by the present Chief Justice, * * * 'this never occurs unless intended, or when the act relied on ought in equity to estop the party from denying it.'" This is a correct statement of what is required to constitute a waiver. Let us apply it to the evidence in this case, in reference to a waiver, and the instruction of the court adverted to. It is well to remark here that the denial of all liability by an insurance company is waiver of proof of loss; for the law does not require a vain thing, and if the company does not intend to pay in any event, and denies all liability, proof of loss could avail nothing. *German Insurance Co.* v. *Gibson*, 53 Ark. 494.

The evidence in regard to waiver of proof of loss is as follows: Ira A. B. Minner, the insured, amongst other things, testified as follows: "I ·went to Black Rock to see Mr. Irby, the company's agent, and told him what was lost, and what was saved. Irby made out a statement, and sent it to the company. Cline, the adjuster for the company, came and examined where the building had stood, and told me he had figured the loss to be $750, and would pay me that sum on compromise. I told him I would not take that amount, as I lost more than the amount covered by the policy. He then said he would not pay the full amount. Afterwards my wife and I went to Pocahontas, and in the presence of Waddell had a talk with Cline. He again offered me $750, and said if I brought suit against them he could defeat me, as I had misrepresented the value of the property in my application, and had guilty knowledge of the fire.

He said I burned my house." Defendant read in evidence deposition of Walter Cline in substance as follows: I am special agent and adjuster for Phœnix Insurance Company. I was authorized by the insurance company to adjust the loss of I. A. B. Minner. I instructed Minner to furnish the company proofs of loss, and establish his claim, if he had any, in accordance with the terms and conditions of his policy. Neither the company nor myself ever received from Minner proofs of loss or other papers pertaining to same. I never waived proof of loss, but to the contrary instructed Minner to furnish same.

Now, it seems to us that the court below, by the modification of the 2d instruction, failed to submit the question of waiver to the jury, but told the jury that if they found that the defendant company refused to pay the loss upon the ground that the plaintiff made false or untrue representations in his application for the policy sued on, or was guilty of burning his house, they would be authorized to find that the defendant waived proofs of loss. This was error in this case, for there was evidence tending to show that, at the time, the appellee was told by the agent, Cline, that he had made false representations, and that he had burned his house; that he would not pay the full amount of the policy, and that he could defeat him in an action at law. Cline also told him *he must furnish the company proofs of loss and establish his claim, if he had any, in accordance with the terms and conditions of his policy.* "An unqualified refusal to pay, based upon facts within the company's knowledge, and made under such circumstances as to justify the insured in believing that the rendition of proofs would be a vain act, and that they would not be examined, has, we believe, always been considered equivalent to an express agreement of waiver." *Boyd* v. *Cedar Rapids Ins. Co.*, 70 Iowa, 329.

In the case of *Citizens Fire Insurance Company* v. *Doll*, 35 Md. 101, the preliminary proof offered by appellee was clearly defective. Indeed, it was not contended that it was such, in all respects, as was required by the eighth condition of the policy. But it was insisted that all defects had been waived, and the following letter was relied on as having that effect, to-wit:

"Baltimore, July 8, 1869.

"L. Z. Doll, Esq.:

"Dear Sir: The proofs of loss furnished by you to this company are wholly unsatisfactory, as to the amount of the claim, even if the company be responsible at all. The company, however, denies any responsibility by reason of material representations as to title and property being untrue, and for other reasons. With a reservation of all objections to your recovering in any form, and without waiving any of the rights of the company under the policy, we leave you to pursue such a course as you may deem expedient.

"Respectfully,

"WM. SHANNON, Secretary."

The court, in its opinion, said: "There is no doubt of the general proposition that if the refusal to pay the loss, or to acknowledge liability, by the insurers, be placed on other and distinct grounds than the insufficient and defective proof furnished, a waiver of such proof will be implied.   *   *   *   But in this case we do not comprehend how such waiver can be implied from the letter of the secretary of the company, when it expressly informed the appellee that the proofs of loss furnished by him were wholly unsatisfactory, as to the amount of his claim, and while the company denied all responsibility, by reasons of misrepresentations as to title and property, it reserved all objections to appellee's right to recover in any form; and, without waiving any rights under the policy, it left the appellee to pursue such course as he should deem expedient. The terms of this letter seem to have been taken from that sent by the insurance company to the insured in the case of *Edwards* v. *The Baltimore Fire Ins. Co.*, 3 Gill 176, in reference to which, as implying a waiver, the court of appeals said that it repelled every presumption of any waiver on the part of the company, and was an explicit warning and annunciation to the insured that they designed to waive nothing, and that, on the trial of any action which he might institute against them, he must come prepared to prove everything which, according to the terms and conditions of the policy, it was necessary to prove, to entitle him to recover. The same may be said of the letter in this case; and that all ground for implying waiver is

expressly excluded by the guarded terms employed. The court was therefore in error in supposing that the letter of the 8th of July, 1869, effected a waiver of the prescribed preliminary proof of loss." See, also, *Davis* v. *Western Mass. Ins. Co.*, 8 R. I. 277.

For the error in modifying said second instruction, the judgment is reversed, and the cause is remanded for a new trial.