### SCHEIBER *v*. UNITED TELEPHONE COMPANY.

[No. 19,141.   Filed December 15, 1899.]

PLEADING.—*Demurrer.*—*Waiver of Error.*—Error in sustaining a demurrer to a complaint is waived by filing a new complaint, based upon the same cause of action, entitled a "second paragraph of complaint." *p. 610.*

SAME.—*Complaint.*—*Negligence.*—Where a complaint states the specific facts constituting defendant's negligence, it will be tested by the facts alleged, without aid from an allegation that the acts charged were negligently done or omitted. *p. 612.*

SAME.—*Complaint.*—*Negligence.*—*Repairs.*—A complaint against a telephone company charging that plaintiff was injured by lightning conducted into his storeroom by defendant's wires, on account of the defective condition thereof, is insufficient, where the complaint alleged that the defect was caused by the removal of a telephone belonging to another company of which the defendant was successor, and it is not shown that defendant created the dangerous condition, or had any opportunity to put the wires in proper condition before the accident occurred. *pp. 610–613.*

From the Huntington Circuit Court.   *Affirmed.*

VOL. 153—39

*M. L. Spencer* and *W. A. Branyan*, for appellant.

*J. B. Kenner* and *U. S. Lesh*, for appellee.

BAKER, J.—Appellant filed a complaint in one paragraph to recover for personal injuries alleged to have been received through the agency of lightning conducted into appellant's storeroom over appellee's wires. Demurrer sustained. Exception by appellant. Afterwards, by leave of court, appellant filed a "second paragraph of complaint". Demurrer sustained. Exception by appellant. Afterwards, by leave of court, appellant filed a "third paragraph of complaint". Demurrer sustained. Exception by appellant. Upon appellant's refusal to plead further, the judgment was rendered from which this appeal was taken.

The so-called second and third paragraphs state the same cause of action upon which the first was based. The so-called second paragraph, at the time it was filed, constituted the only complaint that was then before the court in this action. The first complaint having gone out on demurrer, the second complaint was, in legal effect, an amended complaint, without regard to the manner in which it was entitled. Similarly, the alleged error in sustaining the demurrer to the so-called second paragraph was waived by pleading further. *Hunter* v. *Pfeiffer*, 108 Ind. 197; *Jouchert* v. *Johnson*, 108 Ind. 436; *Hargrove* v. *John*, 120 Ind. 285; *Hormann* v. *Hartmetz*, 128 Ind. 353.

The third paragraph, down to the place where contributory negligence is negatived and the injury and damages are stated, alleges that defendant is a corporation engaged in the business of furnishing its patrons means of communication by telephone over wires which act as ready conductors of electricity in the form commonly called lightning; that prior to June 1, 1896, plaintiff had in his storeroom two telephones, placed there by two different companies that had separate plants and central offices; that each of the telephones had a ground wire; that the two companies consolidated and

Scheiber *v.* United Tel. Co.

removed one of the telephones; that, when the one telephone was removed, the wire that had connected it with its central office was carried forward and connected with the remaining telephone, and the wire that had connected the remaining telephone with its central office was severed, the connection being then made with a different central office—the one now used by defendant; that the company that made this change negligently left, at the place from which the one telephone was removed, the ground wire attached to the wall as it had been prior thereto; that the end that was formerly attached to the remaining telephone was drawn between the wall and the other wire that had been carried forward and attached to the remaining telephone; that the end of the useless ground wire was left negligently to protrude from the insulation thereof, in a horizontal position at right angles with the wall, at the point where the splice of the wire had been made from the wire coming in from the outside and communicating with the remaining telephone, which splice was permitted negligently to remain without insulation; that the defendant negligently permitted the splice for a space of one inch to remain without insulation and the dead wire to remain drawn through and connected with the other wires as stated, for two months, with full knowledge of the defective and naked condition of the wires; that on June 10, 1896, while the wires were connected as above described, and permitted by defendant so to remain as last above stated, and while plaintiff was sitting at his desk about four feet from the protruding wire, a charge of lightning was conducted into plaintiff's storeroom by the wires of defendant, and was transferred to the wires so negligently left in contact with the protruding wire, and, flowing from the protruding wire, struck plaintiff, etc.; that it was the duty of defendant to put and keep its wires in a safe and proper condition; that the injury was caused solely by the negligence of the defendant as herein alleged.

Appellant has undertaken to state the specific facts that constitute appellee's negligence. And if he had not undertaken this, it would have been the duty of the court to have required it, as appellee attacked each complaint as filed with a motion to make it more specific. Therefore, the complaint is to be tested by the facts alleged, without aid from the charge that this or that was "negligently" done or omitted. *Louisville, etc., R. Co.* v. *Bates,* 146 Ind. 564; *Cleveland, etc., R. Co.* v. *Berry,* 152 Ind. 607.

Appellee is not charged with having created the dangerous conditions. Other companies did that. When did appellee become the owner and operator of the system of which the telephone in appellant's storeroom at the time of the accident was a part? The first statement touching appellee is that appellee is engaged in operating a telephone plant. This averment speaks of the time when the complaint was filed, April 10, 1897. The next reference to appellee is the statement that the company that made the changes connected the remaining telephone with the central office now used by appellee. Here, too, the complaint speaks of the present. That is, appellee was operating the plant on April 10, 1897, ten months after the accident. The third reference to appellee is the allegation that appellee, with full knowledge of the defective condition, permitted it to remain for two months. Forward or backward from what date or event, is not stated. But if it were assumed that the period of two months next preceding the accident was intended, the averment would disclose no breach of duty on appellee's part. If the consolidated company continued to own and operate the plant (and such would be the inference in the absence of a statement to the contrary), appellee could not be deemed guilty of an actionable wrong in permitting, or not preventing, that company from continuing a condition it had created, even if appellee did know of it. The next reference, and the only one that indicates appellee's interest in the plant at and before the time of the accident, is the averment that the light-

ning was conducted into appellant's storeroom by appellee's wires. Accepting this, for present purposes, as a sufficient charge that appellee at and before the time of the accident owned and operated the plant, no inference arises (if inferences could be accepted in lieu of facts in pleadings) that appellee had any opportunity to put the wires in proper condition before the accident occurred. The fact that appellee became responsible for the condition of the wires only the instant before the accident happened, would accord with all the facts stated in the complaint. In actions based upon failure to repair, and the like, it is fundamental that the complaint must show that the duty rests upon the defendant and that the defendant has had a reasonable opportunity to discharge that duty. *Lake Shore, etc., R. Co.* v. *Stupak,* 123 Ind. 210.

Judgment affirmed.