AETNA INSURANCE COMPANY v. INDIANA NATIONAL
LIFE INSURANCE COMPANY.

[No. 23,715. Filed November 29, 1921. Rehearing denied February 14, 1922.]

1. APPEAL.—*Review.—Harmless Error.—Overruling Motion to
   Separate Complaint into Paragraphs.*—Any error in overruling
   a motion to require that the complaint be separated into paragraphs is not cause for reversing the judgment. p. 556.
2. PLEADING.—*Sustaining Demurrer to Paragraphs of Answer.—
   Waiver of Error.—Filing Amended Paragraphs.*—Sustaining
   demurrers to paragraphs of answer is not available to reverse
   a judgment even though erroneous, where, after such ruling,
   defendant filed an equal number of additional paragraphs of
   answer, alleging in each exactly the same facts which before
   had been alleged in the corresponding paragraph to which the
   demurrer was sustained, with one additional fact, as this constituted an amendment of the original answers though such
   paragraphs were numbered differently than the original. p. 556.
3. APPEAL.—*Record.—Replies to Amended Answers.*—Where
   paragraphs of answer to which paragraphs of reply were addressed were amended after demurrers were sustained thereto,
   the replies to the original answers and the demurrers addressed
   thereto ceased to be a part of the record available on appeal.
   p. 557.
4. INSURANCE.—*Fire Insurance.—Proof of Loss.—Waiver.—Denial of Liability.*—Where the insurer, within the time fixed for
   filing proofs of loss, served upon the insured notice denying all
   liability, the effect of such denial as waiving the requirement

Aetna Ins. Co. *v.* Indiana Nat. Life Ins. Co.—191 Ind. 554.

as to proofs of loss was not neutralized by the statement in the notice that the insurer would waive none of its rights under the terms of the policy.   p. 557.

5.   INSURANCE.—*Fire Insurance.—Proof of Loss.—Waiver.—Denial of Liability.*—Where an insurance company, after a fire loss has occurred and before the expiration of the time for making proofs of loss, absolutely and unequivocally denies all liability on account of the loss, it thereby waives the performance of stipulations in the policy requiring proofs of loss to be furnished by the insured.   p. 561.

6.   INSURANCE.— *Fire Insurance.— Breach of Policy Conditions. —Increased Hazard.—Waiver.—Continuing Policy in Force.— "Void."*—Where, after the issuance of a policy of fire insurance, insured leased the basement of the building insured to a chemical company, whose use thereof greatly increased the hazard of the risk, the insurer's continuing the policy in force, with knowledge of the changed use, waived the stipulation avoiding the policy for that cause; the word "void," used in such stipulation, meaning only voidable at the insurer's election.   p. 561.

7.   INSURANCE.—*Forfeiture.—Breach of Policy Stipulations.— Waiver by Agent.—Stipulation Against Waiver.*—The acts of an authorized agent of an insurance company, in the conduct of its business, may constitute a waiver of policy conditions, notwithstanding a stipulation in the policy against a waiver of such conditions by any officer, agent or representative of the company except by written indorsement on the policy.   p. 563.

8.   INSURANCE.—*Breach of Policy Conditions.—Stipulation against Unwritten Waiver.—Waiver.*—A stipulation against a waiver of policy conditions, except by written indorsement on the policy, may itself be waived.   p. 564.

From   Marion   Superior   Court   (106,614) ;   *W.   W. Thornton,* Judge.

Action by the Indiana National Life Insurance Company against the Aetna Insurance Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Burke G. Slaymaker,* for appellant.
*Charles E. Henderson,* for appellee.

EWBANK, C. J.—Appellee recovered a judgment for $11,463.25 against the appellant upon a policy of fire

insurance. The fire occurred April 19, 1917. The property destroyed was known as the Colfax Building at No. 320 North Meridian street in the city of Indianapolis. Upon request the court made a special finding of the facts, and stated conclusions of law thereon, to each of which conclusions the appellant excepted.

The facts as to the issuance of the policy, the destruction of the insured property by fire and the breach by appellee of a condition in the policy by which the hazard was increased, were established by uncontradicted evidence, the case turning principally on the controverted questions whether or not the agents of the appellant company had power to waive certain conditions in the policy, and whether or not, if they had such power, those conditions were in fact waived.

Any error in overruling appellant's motion to require that the complaint be separated into paragraphs is not cause for reversing the judgment on appeal.

1. *Huntington Light, etc., Co.* v. *Spell* (1916), 185 Ind. 30, 32, 107 N. E. 741, 111 N. E. 311; *Richwine* v. *Presbyterian Church, etc.* (1893), 135 Ind. 80, 85, 34 N. E. 737; *Wabash, etc., R. Co.* v. *Rooker* (1883), 90 Ind. 581; *Adams* v. *Antles* (1914), 57 Ind. App. 594, 598, 105 N. E. 931.

A demurrer filed by appellee to the first and second paragraphs of reply was carried back and sustained by the court to each of the third, fourth, fifth and

2. sixth paragraphs of appellant's answer, to which the appellant excepted. Sustaining the demurrers to these paragraphs of answer is not available to reverse the judgment, however erroneous such ruling may have been, because it appears that after the ruling was made the appellant filed four paragraphs of answer, alleging in each exactly the same facts which before had been alleged in the corresponding paragraph to which the demurrer was sustained, with one additional fact,

but numbering them seven, eight, nine and ten, respectively. This constituted an amendment of the original paragraphs, the same as if those filed had not been renumbered. *Hargrove* v. *John* (1889), 120 Ind. 285, 286, 22 N. E. 132; *Hormann* v. *Hartmetz* (1891), 128 Ind. 353, 354, 27 N. E. 731; *Scheiber* v. *United Tel. Co.* (1899), 153 Ind. 609, 610, 55 N. E. 742; *Harvey* v. *Hand* (1911), 48 Ind. App. 392, 395, 95 N. E. 1020; §691 Burns 1914, §650 R. S. 1881.

The paragraphs of answer to which the first and second paragraphs of reply were addressed having been amended in this manner, the original replies and the demurrers addressed thereto ceased to be part of the record, and are not before us on appeal. *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 672, 673, 103 N. E. 481.

The special finding recited substantially the same facts which were alleged in the complaint, and in the several paragraphs of answer and reply, and the exceptions to the conclusions of law present for decision the same questions of law as the exceptions to the overruling of appellant's demurrers to certain of those pleadings. Therefore we shall consider the questions of law discussed by counsel with direct reference to the special finding and the exceptions to the conclusions of law thereon. *Campbell* v. *Smith* (1913), 180 Ind. 159, 161, 101 N. E. 89.

The special finding recited that one condition of the policy sued on required that within sixty days after the fire the insured should render a written, signed and verified statement to the insurance company, giving a complete inventory of the property destroyed and the property damaged, the interest of the insured and of all others in the property, the cash value of each item and the amount of loss thereon, all incumbrances, all other insurance, any changes in the title,

use, occupation, location, possession or exposure of the property since the issuing of the policy, and by whom and for what purpose any building therein described was occupied at the time of the fire, and also stating the knowledge and belief of the insured as to the origin of the fire; and that it further provided that the loss should not become payable until sixty days after such proof of loss was received by the company, and that no action on the policy should be maintained until after full compliance by the insured with all the foregoing requirements. The finding further recited that no such inventory and proof of loss was furnished; but that on the day after the fire, appellee orally notified appellant of its occurrence, and eleven days after the fire sent to appellant a written notice and request for blanks on which to make proofs of loss, which written notice was received by appellant the next day; and that, eight days later, the appellant delivered to appellee a written statement signed by its general agent, the purport of which is recited in the finding, but which the pleadings and evidence show to have read as follows:

"The undersigned is now in possession of information from which it appears that since our policy No. 28840 was issued and some time before the occurrence of the fire * * * you have made breach of certain conditions * * * whereby said policy became and was voidable and void at and prior to the time of said fire * * * You have so violated the provisions of said policy relating to a forbidden increase of hazard. *Because of the premises this company denies any liability to you under said policy by reason of the fire, loss and damage aforesaid, and now and hereby elects to rescind said policy and does rescind the same* * * * (Tender of the premium and interest is recited) * * * With a reservation of all objections to your recovering in any form under said policy for said fire, loss and

damage, and without waiving any of the rights of this company under said policy, we leave you to pursue such course as you may deem expedient, and if in your opinion a valid claim exists against this company by reason of said policy contract you are referred to the contract itself for instructions as to such action as you may see fit to take in the premises.   You are hereby notified that this company has not waived, does not waive, and does not intend to waive any of its rights under said contract nor any of the terms or conditions thereof, and intends to rely upon all its legal rights in this matter under the terms of its said policy."   (Our italics.) It was further found that at the same time when this writing was delivered to appellee the appellant also tendered it the full amount of the premium paid, with interest, which appellee refused, but appellant did not furnish to appellee any proof blanks; and that this action was begun thereafter, but within less than sixty days after the fire.

Appellant insists that the last two sentences quoted from the notice, by which appellee was informed that the appellant reserved all objections, waived nothing, and referred appellee to the provisions of the contract, prevented this written notice from constituting a waiver of formal proofs of loss.   And he cites one case in which an insurance company, without denying its liability, merely wrote to the insured, that if he or his attorney thought he had a valid claim, he was "referred to the contract itself for instructions as to such action as you may see fit to take," but that the insurance company waived no rights under the contract and the conditions thereof; and to another case in which a claim for $1,220 on a policy which had covered a dwelling house and barn, and different items of their contents, in the total amount of $1,620, was presented, and the adjuster for the insurance company offered to pay $750, and when

that was refused told the insured that he must furnish proofs of loss and establish his claim, if he had any, for he had misrepresented the value of the property in his application, and had burned his own house, and that the adjuster could defeat him if he brought suit against the company. *Dull* v. *Royal Ins. Co.* (1910), 159 Mich. 671, 124 N. W. 533; *Phoenix Ins. Co.* v. *Minner* (1898), 64 Ark. 590, 44 S. W. 75.

In both of these cases it was held that proofs of loss were not waived. But the court in each case declared the rule to be that a denial of all liability, and an absolute refusal to pay the loss, before the expiration of the time for filing proofs, would amount to a waiver of such proofs. And in each case the court held that there was no such denial of liability and refusal to pay whether proofs of loss should be furnished or not, as to bring the case within that rule.

We need not consider the question whether the cases cited were correctly decided upon their own facts, and as to that we decide nothing. They are clearly distinguishable from the case at bar. In this case the notice in writing served upon the appellee by the appellant, only twenty days after the fire, unequivocally asserted that "this company denies all liability to you under the policy," that "said policy became * * * void at and prior to the time of the fire," that the company "elects to rescind said policy and does rescind the same," and that the premiums paid were tendered back; and a tender of the premiums was actually made.

The effect of such a denial of all liability, and notice that the appellant would not recognize the validity of any claim made by the appellee under the policy, could not be neutralized by the mere suggestion that appellant would waive none of its rights, but intended to rely on all its legal rights. If its legal rights included

the right to rescind the policy because of an increase of the hazard, that was clearly not waived.   But the law never requires a useless act to be done.   And the

5.   rule of law is firmly established that where an insurance company, after a fire loss has occurred and before the expiration of the time for making proofs of loss, absolutely and unequivocally denies all liability on account of the loss, it thereby waives the performance of stipulations in the policy requiring proofs of loss to be furnished by the insured.  *Bowlus* v. *Phenix Ins. Co.* (1892), 133 Ind. 106, 32 N. E. 319, 20 L. R. A. 400; *Germania Fire Ins. Co.* v. *Pitcher* (1902), 160 Ind. 392, 64 N. E. 921, 66 N. E. 1003; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760; *Niagara Fire Ins. Co.* v. *Abell* (1919), 76 Ind. App. 255, 122 N. E. 667.

The special finding also recited, as was alleged by the pleadings and shown by the evidence, that the policy sued on was issued November 30, 1914, for the

6.   term of three years, and contained a condition that it should be void in case the hazard was increased by means within the control or knowledge of the insured; that no "officer, agent, or representative" of the company should have power to waive any provisions or condition of the policy, or be deemed to have so waived any such provisions or condition unless such waiver should be written upon or attached to the policy; and that the policy might be canceled at any time by the company, by giving five days' notice and returning all but the *pro rata* part of the premium.   It further recited that after the policy sued on was issued the appellee verbally leased the basement of the building covered by such policy to a chemical company for a purpose for which that company thereafter used it, and that by such use the hazard of the risk was increased,

of which increase the appellee knew; that such use continued with the knowledge and consent of appellee from July, 1916, to April 19, 1917, when the fire occurred; that in January, 1917, an agent of the appellant, who issued the policy, and who had authority to countersign and issue insurance policies, and full authority from appellant to cancel the policy and terminate the insurance at any time when it deemed the risk increased, made an inspection of the insured building, in company with an officer of the insured, and saw the uses to which it and the basement thereof were being put, and all that was being done therein, and with full knowledge thereof, thus acquired, the appellant permitted the insurance to remain in full force, and did not attempt nor offer to cancel the policy until after the fire.

Under the established law of the State of Indiana, such continuing of the policy in force on the part of the insurance company, having knowledge of the changed use, would waive the condition avoiding the policy for that cause. Such a stipulation that the violation of a condition subsequent shall make the policy "void" means only that it shall be voidable at the election of the insurance company. *Havens* v. *Home Ins. Co.* (1887), 111 Ind. 90, 12 N. E. 137, 60 Am. Rep. 689; *Phenix Ins. Co.* v. *Boyer* (1891), 1 Ind. App. 329, 27 N. E. 628; *German-American Ins. Co.* v. *Yeagley* (1904), 163 Ind. 651, 71 N. E. 897, 2 Ann. Cas. 275; *Farmers Mut. Fire Ins. Co.* v. *Jackman* (1905), 35 Ind. App. 1, 18, 73 N. E. 730; *Masonic, etc., Assn.* v. *Beck* (1881), 77 Ind. 203, 207, 40 Am. Rep. 295; *Ohio Farmers' Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 244, 76 N. E. 977, 3 L. R. A. (N. S.) 966, 117 Am. St. 382, 9 Ann. Cas. 91; *Glens Falls Ins. Co.* v. *Michael* (1905), 167 Ind. 659, 679, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708.

But the appellant insists that the knowledge of the agent, and its failure to cancel the policy cannot be

deemed a waiver on the part of the insurance
7. company, because of the provision contained in
the policy that: "No officer, agent or other representative of this company shall have power to waive
any provision or condition of this policy except such as
by the terms of this policy may be the subject of agreement indorsed hereon or added hereto." And appellant
has cited decisions of courts in other jurisdictions to
the effect that this constituted a limitation upon the
power of the agent, which took away his authority to
waive the forfeiture because of an increased hazard, by
forbearing to cancel the policy after obtaining knowledge of the use to which the insured property was put.

Some of these decisions are based upon statutes different from any enacted in the State of Indiana. And
the reasoning contained in the others is sufficiently answered by saying that at the time the contract of insurance under consideration was entered into it was and
for many years had been the established law of Indiana,
as ascertained and declared by the highest courts of the
state, that such a provision as the one quoted may be
waived, and is not effectual to prevent the acts of an
authorized agent of the insurance company, in the conduct of its business, from constituting a waiver of conditions in its policies. *German-American Ins. Co.* v.
*Yeagley, supra; West* v. *National Casualty Co.* (1916),
61 Ind. App. 479, 112 N. E. 115; *Continental Ins. Co.* v.
*Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N.
E. 752; *Indiana Ins. Co.* v. *Capehart* (1886), 108 Ind.
270, 8 N. E. 285; *German-American Ins. Co.* v. *Sanders*
(1897), 17 Ind. App. 134, 46 N. E. 535; Joyce, Insurance (4th ed.) §439. Under the cases cited the facts
found by the court showed that the provision in question was effectually waived.

While the courts of a number of states hold the contrary, the courts of many other jurisdictions hold with

those of the State of Indiana that the stipulation against a waiver, except by written indorsement on the policy, may itself be waived. The two lines of authorities are in irreconcilable conflict.

Both lines of authorities are collected in notes in the following publications: 107 Am. St. 102, *et seq.*; 10 L. R. A. (N. S.) 1064, *et seq.*; 13 L. R. A. (N. S.) 839, *et seq.*; 51 L. R. A. (N. S.) 261; 2 Ann. Cas. 114, 115; 14 R. C. L. §344, 1161.

What has been said above also disposes of all objections to the admission of evidence discussed in appellant's brief, and all questions not so discussed are waived.

The judgment is affirmed.

Myers, J., absent.