RICE and Another *v.* DERBY.

Suit against the maker and indorsers of a note, payable at a chartered bank in this state. A copy of the note was filed with the complaint, but though the note had been duly protested, neither the protest nor a copy of it was filed with the complaint. *Held*, that a demurrer, for that objection, was correctly overruled.

The defendant filed with his answer certain interrogatories, to be answered by the plaintiff. On the calling of the cause for trial, the interrogatories not having been answered, he filed his affidavit, alleging that the answers to the interrogatories were material to his defence; that he knew of no witnesses by whom the facts sought to be established could be proved; that he had reason to believe that the plaintiff knew the facts to which the interrogatories referred; and that he could not safely proceed to trial until the interrogatories were answered. Upon this affidavit, he moved for a continuance of the cause, until the interrogatories should have been answered.

*Held*, that the affidavit showed no sufficient ground for the continuance.

*Held*, also, that the defendant should have moved for a rule upon the plaintiff to answer the interrogatories, &c.

APPEAL from the *Cass* Circuit Court.

DAVISON, J.—*Derby* sued *Rice, Line* and *Biddle*, upon a promissory note for the payment of 333 dollars. The note was executed by *Rice*, on the 18th of *June*, 1853, payable to *Line*, at twelve months, at the *Wabash Valley Bank*, and indorsed by him to *Biddle*, who indorsed it to *Derby*. It is alleged that the note had been protested; but neither the protest, nor a copy of it, was filed with the complaint. For this reason, *Rice* and *Line* demurred; but their demurrer was overruled.

*Biddle* was defaulted. The other defendants answered.

*Rice*, in his answer, alleges, 1. That the note is without consideration. 2. That it was obtained by fraud. Further, the answer avers, that of such want of consideration and fraud, *Biddle* and *Line* had full notice when the respective indorsements were made.

With his answer *Rice* filed two interrogatories, propounded to the plaintiff, namely: "What notice of the want of consideration of said note did you have before it was indorsed to you?" "What notice had you, before the note was so indorsed, of the same having been obtained by fraud?"

As the answer and interrogatories filed by *Line* are similar to that of *Rice*, and present a like point of inquiry, they will not be further noticed.

There were replies in denial of the answers; and the issues being made, the cause was submitted to a jury, who found for the plaintiff, and, over a motion for a new trial, the Court rendered a judgment on the verdict.

We have seen that the note in suit was duly protested, though neither the original protest, nor a copy of it, was filed with the complaint. This is assigned for error. The code provides that "when any pleading is founded on a written instrument, or on account, the original, or a copy thereof, must be filed with the pleading." 2 R. S., p. 44. The note is made payable at a bank within the state, and is therefore a bill of exchange. 1 R. S., p. 378. Hence, the liability of the indorsers could only be fixed by proof that "it was presented at the proper place for payment, at the day when it became due, and that payment was demanded and refused, and that the indorsers had due notice thereof." To prove this, the protest of the note may be sufficient evidence, and yet not the foundation of the suit against the indorsers. It is, indeed, mere evidence in the case; it involves no contract, and is not the instrument on which the pleading is founded. It seems to us that the provision above quoted, when properly construed, points out the note and indorsements as the only instruments required to be filed with the pleadings. The demurrer was not well taken.

Upon the calling of the cause for trial, *Rice* filed his affi-
davit, wherein he alleges that the answers to his interroga-
tories are material to his defence; that he knows of no
witness by whom the facts sought to be established can be
proved; that he has reason to believe that the plaintiff pos-
sesses the knowledge of the facts to which the interroga-
tories, in this cause, refer; and that he can not safely pro-
ceed to trial until those filed by him be fully answered by
the plaintiff. Upon this affidavit, *Rice* moved for a con-
tinuance until such answers were made; but the Court
overruled his motion, and ordered a trial of the cause.

This ruling is alleged to be erroneous. The rule is, that
" either party may propound interrogatories to be filed with
the pleadings, relative to the matter in controversy, and
*require* the opposite party to answer the same under oath.
All interrogatories must be answered within the time lim-
ited," &c., " and the Court may enforce the answer by at-
tachment or otherwise." 2 R. S., p. 97. Under this pro-
vision, we have decided that the mere failure to answer
interrogatories filed with the pleadings, is no cause of con-
tinuance. *Lent* v. *Knott*, *ante*, p. 230. Here, it is true,
there is an affidavit alleging that the plaintiff's answer
would be material, &c. That, however, was not enough
to authorize a continuance. The defendants should have
taken some steps to enforce an answer. These steps are
plainly indicated by the enactment just recited. It was
for them to move for a rule against the plaintiff to answer
within a specified time, to be designated by the Court, and
upon failure to comply with such rule " within the time
limited," he would have been liable to an attachment. No-
thing of this appears on the record; and the result is, the
defendants are in default, having failed to use proper means
to compel an answer. There was no ground upon which
to rest their motion to continue. We think they were not
entitled to a continuance.

*Per Curiam.*—The judgment is affirmed, with 6 per
cent. damages and costs.

*L. Chamberlain*, for the appellants.
*B. W. Peters*, for the appellee.