Nov. Term,
1860.
───────
SPENCER
v.
CHRISMAN.

</div>

---

## SPENCER v. CHRISMAN.

Suit upon notes and the mortgage by which they were secured. While still holding the notes and mortgage, the payee had given his due bill for a small amount to the payer.

*Held*, that though the giving of the due bill was *prima facie* evidence of a settlement of accounts, yet such presumption was rebutted, as to the payment of the notes, by the fact that the notes and mortgage were outstanding and not surrendered or canceled.

*Held*, also, that notes not secured by mortgage may be set off against such as are thus secured.

APPEAL from the *Warren* Common Pleas.

<div style="text-align: right">

*Thursday,*
*December* 6.

</div>

PERKINS, J.—Suit upon notes and the mortgage by which they were secured. The cause was thrice tried below, with an improvement in point of accuracy at each succeeding trial, till the last, which reached perfection.

The notes were ante-dated, and this raised a point of some trouble, in the minds of a part of the counsel, as to whether that fact did not render the notes usurious.

The payee of the notes and mortgage had, while still holding them, given a due bill for a small amount to the payer, and this raised a troublesome question whether this fact was not *prima facie* proof that the notes and mortgage were paid.

The payer of the notes and mortgage had obtained, by assignment, two notes on the payee of them, and great doubts arose whether they could be allowed as a set-off in a suit upon notes secured by mortgage, without a special agreement that they might be. But all these difficulties were solved with admirable accuracy on the last trial.

The Court instructed, that if the indebtedness for which the notes were given actually accrued at the time of the date of the notes, and the notes were given afterward, but ante-dated to represent the actual contract, they would not necessarily be usurious. The Court refused to give the instruction, that the making of a due bill by the payee of the notes to the payer, was *prima facie* evidence that the notes and mortgage were paid. This was right, because, though the giving of a note is *prima facie* evidence of a settlement of accounts, yet, as applicable to this case, it was not *prima facie* evidence that the notes and mortgage were paid, because there was in evidence this other fact, tending to rebut the *prima facie* effect of the giving the note mentioned, viz: that the notes and mortgage were not given up to be canceled. If paid, why were they still outstanding? There was also other positive evidence that the notes and mortgage were not paid. The Court and jury also rightly allowed notes not secured by mortgage, to be set off against such as were, without any special agreement authorizing it, being shown. The appellant applied for a continuance, but upon an affidavit so plainly defective that time need not be spent upon it.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*R. A. Chandler*, for appellant.

*J. H. Brown*, and *J. Park*, for appellee.