May Term, 1861.

THE STATE. v. RECORD.

---

## THE STATE v. RECORD.

Information charging that the defendant lived in open and notorious fornication, from *September* 20, 1858, until *October* 25, 1859. The affidavit upon which the information was based, charged the offense from *October* 20, 1858, until *September* 25, 1859.

*Held*, that the information was good, on motion in arrest.

APPEAL from the *Gibson* Common Pleas.

WORDEN, J.—Information against the appellee for fornication. Plea, not guilty; trial by jury; conviction, and judgment arrested and the defendant discharged. The State appeals.

Wednesday, May 29.

The Court was held and the proceedings had in *October*, 1859, and, as we infer, before the 25th day of the month. The affidavit on which the information was based, sworn to on *October* 13, 1859, charges that the defendant, on *October* 20, 1858, and from that day until *September* 25, 1859, lived in open and notorious fornication with *Maria Hill*.

The information, with some confusion of dates, charges that he lived in such fornication from *September* 20, 1858, until *October* 25, 1859. The variance in the dates, between the affidavit and information, was the ground of the motion in arrest. It will be seen that the information covers two months more time than the affidavit, including a month before and a month after the time charged in the affidavit, and

embracing time that had not expired when the Court sat and the proceedings were had. Whatever might be the effect of the discrepancy between the affidavit and information on a motion to quash, we are satisfied that it was not sufficient ground for arresting the judgment.

The statute provides that judgment may be arrested but for two causes; first, that the grand jury who found the indictment had no legal authority to inquire into the offense charged, by reason of its not being within the jurisdiction of the Court; and, second, that the facts stated do not constitute a public offense. 2 R. S. 1852, § 144, p. 380.

The second cause is the only one applicable to this case. Now, conceding that for the purpose of determining what facts are charged, we must look to the affidavit as well as the information; how stands the case? The affidavit charges that the defendant lived in fornication during a certain period of time. The information that he lived in the state of fornication during the same period, as well as before and after. The affidavit and information charge that he lived in open and notorious fornication during the time specified in the affidavit, and this is a public offense. It has heretofore been held by this Court, that the affidavit must allege the same offense and person subsequently charged in the information; but that the information need not follow the affidavit in the manner in which it sets forth the particular facts which constitute the offense. *Mount* v. *The State*, 7 Ind. 654.

*Per Curiam.*—The judgment below is reversed, with costs; and the cause remanded, with instructions to the Court below to proceed in the cause.

*J. E. McDonald*, Attorney General, *A. L. Roache* and *W. P. Edson*, for the State.

*A. C. Donald*, for the appellee.