*Purden & Davidson,* for the appellee.

---

RIELAY *v.* WHITCHER and Another.

In order to justify an attachment against a party, or a dismissal or continuance of his cause, for failure to discharge a rule for answers to interrogatories, such rule should prescribe a time within which such answers should be filed.

Rielay *v.* Whitcher and Another.

And, it would seem, that if steps are taken in the usual manner to procure the testimony of a party, and he fails to appear, cause should be shown before a continuance should be granted, and that answers to interrogatories are no more than testimony, and the same rule should apply upon default as to such answer.

Duplicity is not ground of demurrer.

APPEAL from the *Knox* Common Pleas.

HANNA, J.—Suit on three notes described in one paragraph of the complaint.

Answer: 1. Denial. 2. Accord and satisfaction as to the first two notes in the order of their dates, and execution of the third, for the balance then due. 3. Payment of the first two notes.

Perhaps, in the original record it did not clearly appear that a reply to the third paragraph of the answer had been filed. That is, however, remedied by the amended record filed. Replies, then, in denial as to the second and third paragraphs of the answer, and therefore the error, if there was such, assigned upon the want of a reply to the third paragraph is obviated. With the answer the defendant filed interrogatories, addressed to the plaintiffs, with reference to the facts set up in the said second and third paragraphs. No affidavit accompanied them. The Court entered a rule that they should be answered. Upon the calling of the cause for trial they remained unanswered, and the rule not in any way discharged. The defendant moved to dismiss the suit, and also to continue the case, for the failure to answer said interrogatories. No affidavits were filed upon which to base or sustain the motions. The plaintiff's attorney filed an affidavit of their non-residence in the State, and that they had not been present during the term, &c. The Court overruled the motions made by the defendant. Trial; judgment for the plaintiffs for the full amount of all the notes. Following the case of *Meredith* v. *Lackey,* it

would seem there was no error in the ruling of the case on these motions. If the defendant had taken the proper steps to procure the evidence of the plaintiffs, as in ordinary proceedings for witnesses, we suppose, upon their failure to appear as such, cause should have been shown before a continuance would have been granted in consequence of their absence. Their answers to interrogatories would have been no more than evidence. But it is said the rule was not discharged. True, but it was not, in the first place, in conformity with the statute; as it did not fix the time within which said answers should be filed. The defendant did not, in view of the affidavit of non-residence, &c., make a showing to the Court, that required either an attachment against the plaintiffs, or a dismissal, or continuance of the cause for want of such answer.

The motion in arrest appears to have been predicated upon the idea that three notes between the same parties, of different dates, and all due could not be joined in one paragraph; and if they could, that the legal presumption would be that the one of the later date included all indebtedness, even the other notes of a previous date.

We are of opinion neither position is tenable. Whether, when the notes fell due they constituted one debt, so far at least as to authorize the form of proceeding adopted, we need not decide, for the form adopted was, if faulty at all, but subject to the objection of duplicity, which is not cause of demurrer; consequently, not subject to be reached by this motion, under the circumstances. As to the latter point, see *Spencer* v. *Chrisman,* 15 Ind. 215.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. C. Denny,* for the appellant.

*Judah & Viehe,* for the appellees.