Cates v. Thayer.

No. 10,104

## CATES v. THAYER.

PRACTICE.—*Interrogatories to Party.*—*New Trial.*—A refusal to compel a party to answer interrogatories is not cause for a new trial, and to present the question to the Supreme Court error must be assigned thereon independently.

PRINCIPAL AND SURETY.—*Release of Surety by Extension of Time of Payment.* —An extension of the time of payment to the principal debtor for a definite period by an agreement between the creditor and debtor upon a valuable consideration, without the consent of the surety, releases the surety; *aliter* where the extension is for an indefinite period.

From the Fulton Circuit Court.

*J. Conner*, for appellant.

*M. L. Essick* and *G. W. Holman*, for appellee.

ELLIOTT, J.—The first proposition argued is that the court refused to compel the appellee to answer interrogatories propounded to him by the appellant. In our opinion this question is not properly presented. Such a question should be reserved by exception duly taken at the time the ruling is made, and the assignment in this court should be founded on the ruling. This was expressly decided in *Reed* v. *Spayde*, 56 Ind. 394, the court saying: "The question is not properly presented. If an error was committed, it was not an 'error of law occurring at the trial.' It is obvious that a new trial would not correct such an error; for, after a new trial was granted, the error would stand in the record the same as before. Such a question can be presented only by an assignment of error." We think that the rule *stare decisis* requires us to adhere to this decision even if there were doubts as to its soundness. There is much reason, however, for maintaining the principle declared. Interrogatories are required to be filed with the pleadings, that is, before the issues are closed. R. S. 1881, sec. 359; *Sherman* v. *Hogland*, 73 Ind. 472. A rule must be taken to answer them, or the party can not be deemed

Cates v. Thayer.

in default. *Rice* v. *Derby*, 7 Ind. 649; *Key* v. *Robinson*, 8 Ind. 368; *Rielay* v. *Whitcher*, 18 Ind. 458. These considerations show very clearly that interrogatories are matters connected, not with the trial, but with the pleadings. Issues are always, where a proper course is pursued, closed before trial, and what is closed with the pleadings must be regarded as belonging to them rather than to matters connected with the trial. But, more than this, the code classes interrogatories with the pleadings and provides that answers to them may be used as grounds for a motion to reject sham pleadings. R. S. 1881, sec. 382. It thus appears that the interrogatories may be needed for purposes purely of pleading and for matters directly connected with the pleadings and entirely disconnected from matters pertaining to the trial. Still another consideration: At common law, interrogatories to parties were never permitted, but they were in chancery, and we have adopted the chancery practice. In chancery, interrogatories were always regarded as a part of the pleadings, and, as we have adopted the practice from chancery, it must follow that we have taken interrogatories as part of the system of pleading. This would be a just conclusion irrespective of the location of the provisions regarding interrogatories in the code, but we find them blended in the code with other matters of pleading so closely and intimately that it would do violence to the language and spirit of the code to dislodge them from their place and put them in the category with matters connected with the trial. It is true they may become connected with the trial, but this is true of every pleading in the case from beginning to end. Mr. Pomeroy discusses the question very ably and elaborately, and in the course of his discussion says, in speaking of the chancery doctrine of discovery: "This incident of chancery pleading, so entirely at variance from the common law practice, by which the conscience of the defendant could be probed, and which was so powerful an instrument in eliciting the truth in judicial controversies, has

been essentially adopted by the reformed system of proce-
dure." 1 Pom. Eq., section 191. It appears very plain to
us that the strictures of Mr. Works on the case of *Reed* v.
*Spayde, supra,* are entirely groundless, and that they were
made without an examination of the principles of pleading.
1 Works Prac., section 882.

The appellant insists that there was error in refusing a
new trial, because the note is signed J. E. Cates, and there is
no evidence showing that he executed the note. It is enough
to say that he admitted the execution of the note by his fail-
ure to deny it under oath, but if this were not enough we
might add that he testified that he did sign it as surety.

A surety is released where payment of the note is extended,
upon a valuable consideration for a definite period; he is not
released, where the extension is for an indefinite period. *Tracy*
v. *Quillen,* 65 Ind. 249.

Judgment affirmed.

Filed Jan. 26, 1884.