## HARVEY ET AL. v. HAND ET AL.

[No. 7,460.   Filed October 3, 1911.]

1. PLEADING.— *Complaints.— Demurrers.— Additional Paragraphs. —Appeal.—*On appeal, an "additional paragraph," alleging the same cause of action, filed after the sustaining of demurrers to all previous complaints and paragraphs, and after taking leave to amend, will be considered as an amended complaint, and as a waiver of all previous exceptions.   p. 394.

2. PLEADING.—*Complaint.—Repetitions.—*A complaint alleging the facts constituting the cause of action in such a manner as to enable a person of common understanding to know what is intended, is sufficient as against a demurrer, though it contains many vain repetitions.   p. 395.

3. PLEADING.—*Complaint.—Sufficiency.—*A complaint that entitles the plaintiff to any part of the relief prayed for is sufficient on demurrer.   p. 396.

4. REFORMATION.—*Deeds.—Mistake.—Fraud.—*Equity will reform a deed whenever through a mutual mistake, or a mistake of one of the parties accompanied by the fraud of the other, it does not express the agreement of the parties.   p. 398.

5. TRUSTS.—*Express.— Resulting.— Fraud.— Deeds.—* Section 4019 Burns 1908, §2976 R. S. 1881, providing,.among other things, that §4017 Burns 1908, §2974 R. S. 1881, which provides that "when a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter," "shall not extend to cases * * * where * * * by agreement and without any fraud-

ulent intent, the party to whom the conveyance was made * * * was to hold the land * * * in trust for the party paying the purchase money," does not apply to a suit to reform a deed so as to create a trust in favor of plaintiffs, for the reason that such a trust is express, the statute applying only to resulting trusts. p. 398.

6. REFORMATION.—*Contracts.*—*Consideration.*—*Deeds.*—*Complaint.* —A complaint to reform a deed must allege a valuable consideration for the antecedent contract, a mere volunteer being unable to maintain such suit. p. 398.

7. REFORMATION.—*Deeds.*—*Consideration of Antecedent Contract.* —*Trust.*—*Construction of.*—In a suit for the reformation of a deed the court will perhaps not consider the deed as reformed in order to ascertain if a valuable consideration has been yielded; but the court, in determining whether a valid and enforceable trust is created, will look to the deed as reformed. p. 399.

8. REFORMATION.—*Deeds.*—*Trusts.*—*Consideration.*—*Family Settlements.*—*Complaint.*—A complaint to reform a deed so as to show a trust therein in favor of plaintiffs, alleging a consideration of $2,000, love and affection, and a family settlement, for the making of such deed, states a sufficient consideration. p. 400.

9. REFORMATION.—*Laches.*—*Notice.*—*Complaint.*—A complaint by the beneficiaries of an alleged trust, alleging that their father in executing a deed to their sister omitted by a mutual mistake of himself, such sister and the scrivener, to create such trust, that the father had the deed recorded at once, but did not, during his lifetime, learn of such omission, and that it was not until a short time after the father's death that such beneficiaries learned of it, sufficiently shows diligence, the rights of no third persons having intervened. p. 401.

10. REFORMATION.—*Deeds.*—*Statute of Frauds.*—A suit to reform a deed is not an action to enforce a parol agreement for the sale of land, and is not affected by the statute of frauds. p. 402.

From Boone Circuit Court; *Willet H. Parr,* Judge.

Suit by Stephen Harvey and another against Mary J. Hand and another. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*Henry C. Cox, Patrick H. Dutch* and *Hanly, McAdams & Artman,* for appellants.

*A. J. Shelby* and *Shirts & Fertig,* for appellees.

HOTTEL, J.—Suit by appellants to reform a deed made to appellee Mary J. Hand by her parents, Andrew Harvey and wife.

The deed sought to be reformed is absolute on its face, and conveys to Mary J. Hand the fee-simple title to ninety-three and one-third acres of land in Boone county, Indiana. By this suit appellants seek to reform the deed so as to make it conform to an alleged antecedent agreement between said Mary J. Hand and her parents, which appellants claim was intended to be incorporated in the deed, and by the terms of which it was agreed that such deed should convey the title to fifty-three and one-third acres of said land to Mary J. Hand in trust for these appellants, and that the grantors should retain a life estate in all the land conveyed.

The transcript contains numerous complaints—original, amended and additional—to all of which demurrers were sustained, and these rulings constitute the errors assigned.

Appellees first insist that because of these numerous complaints, and the failure of appellants properly to number their paragraphs, the record is in such a confused

1.  state that no question is presented to this court as to the sufficiency of any paragraph. An examination of the record, however, leads us to a different conclusion, and one that is in accord with the second contention of appellee, namely, that "the paragraph of complaint last filed, though styled 'additional paragraph,' having been filed after demurrers were sustained to the preceding paragraphs, should be treated as an amended complaint, and as a waiver of all previous exceptions."

The transcript discloses that said several complaints and paragraphs thereof all state the same cause of action; that successive demurrers were filed and sustained to each, with no election to stand upon anyone, but with leave taken to amend before the filing of the last paragraph.

Under such circumstances, the last paragraph filed "constituted the only complaint that was then before the court, *   *   * and was, in legal effect, an amended complaint, without regard to the manner in which it was entitled," and the alleged errors in sustaining the demurrers to the previ-

ous complaints were waived by not electing to stand upon any one, by taking leave to amend, and by pleading further. This position of appellees is supported by authority and conceded by appellants. *Scheiber* v. *United Tel. Co.* (1899), 153 Ind. 609; *Hargrove* v. *John* (1889), 120 Ind. 285; *Hormann* v. *Hartmetz* (1891), 128 Ind. 353.

It is next insisted by appellees that this amended complaint is so uncertain, and contains so many repetitions, that it does not comply with the second subdivision of §343

2. Burns 1908, §338 R. S. 1881, and might have been stricken out, and that, inasmuch as the same result has been reached by the ruling on the demurrer, no available error is thereby presented.

The complaint is not a model, and violates the letter of the clause of the section of the statute referred to, in the matter of repetition, and parts of it should have been stricken out upon proper motion in the court below; but the complaint falls clearly within the requirements of the section cited, in that the cause of action attempted to be stated therein is stated "in such a manner as to enable a person of common understanding to know what is intended," and should not, on account of the infirmities mentioned, be held insufficient as against a demurrer, if it be in other respects sufficient to state a cause of action. In the prayer of this paragraph, appellants, in addition to seeking the reformation of the deed, ask that the title to the fifty-three and one-third acres be quieted. Appellees insist that the complaint is not good on this theory, and that there was no error in sustaining the demurrer thereto.

Appellants concede that the paragraph lacks the essential elements of a complaint to quiet title, and insist that it does not proceed upon that theory, but that its sole theory is the reformation of the deed in question, and that a complaint which shows that plaintiffs are entitled to some relief, though not entitled to all the relief prayed for, is sufficient.

It is clear that the controlling, if not the sole theory of

this complaint is the reformation of the deed, and appellants' position, that a complaint is sufficient if it states facts that entitle the plaintiff to any relief, though not to all the relief prayed for, is abundantly supported by authority. *Shepardson* v. *Gillette* (1892), 133 Ind. 125; *Linder* v. *Smith* (1892), 131 Ind. 147; *Gowdy Gas Well, etc., Co.* v. *Patterson* (1902), 29 Ind. App. 261.

The only question remaining to be considered, which is the real question in the case, is whether the complaint states facts sufficient to entitle appellants to the reformation of the deed in question.

The complaint is lengthy, and we shall set out only that part necessary to an intelligent understanding of the decision of the question here involved, and the grounds on which this opinion is based. It alleges that Andrew Harvey and his daughter, Mary J. Hand, entered into an antecedent parol contract, by the terms of which the father and his wife agreed to convey to appellee Mary J. Hand the ninety-three and one-third acres of land, described in the deed; that forty acres were to be held by said appellee in her own right, and fifty-three and one-third acres, particularly set out and described in the complaint, were to be held by her in trust for appellants; that the entire tract was to be held by her subject to the life estate of the grantors; that said appellee agreed to accept such deed, and to perform the conditions. The complaint then alleges that said deed was actually executed; that by the mutual mistake of all the parties to the deed, and of the scrivener who wrote it, there was not inserted in such deed that part of said parol contract which provided that said appellee should take and hold fifty-three and one-third acres of said real estate in trust for appellants, nor that part of said contract that reserved to the grantors the life estate in said lands; that the grantors caused the deed to be recorded the day after its execution; that at the time of the execution of the deed, and until the death of Andrew Harvey, he believed and understood that such deed ex-

pressed the terms of said parol agreement; and that appellee Mary J. Hand accepted the deed, understanding and believing that it so expressed said antecedent contract, pursuant to which it was excented; that appellants did not know until after their father's death that said deed did not so express said contract entered into between him and his daughter.

Upon the subject of the relation of the parties and the consideration that entered into the making of the deed, the complaint alleges the following facts: That defendant Harvey Hand is the husband of Mary J. Hand; that plaintiffs, Stephen and Noah Harvey, are sons of Andrew Harvey, deceased; that besides the children mentioned, Malinda Dodson and George W. Harvey are the children of Andrew Harvey, but are not defendants in this suit; that Andrew Harvey died on January 4, 1905, intestate; that on August 8, 1893, said Andrew Harvey owned in fee simple 172 acres of land, situate in Boone county, Indiana, and personal property not to exceed $300 in value; that on said day he made a division of all his land among his children— he gave to Malinda Dodson, forty acres, to George W. Harvey, forty acres, and to Mary J. Harvey, now Mary J. Hand, ninety-three and one-third acres, fifty-three and one-third acres of said ninety-three and one-third acres were given to Mary J. Hand in trust for said Stephen and Noah Harvey, and forty acres of said ninety-three and one-third acres were given absolutely to Mary J. Hand; that said Andrew Harvey was old and infirm; that plaintiffs had helped to clear said farm so deeded to decedent's children; that it was not the intention of said Andrew Harvey to make any difference among his children in the division of his estate; that plaintiffs in this suit had already paid a fair consideration for said fifty-three and one-third acres; that said Andrew Harvey, in conveying said real estate, intended that Mary J. Hand should share equally with said Stephen Harvey and Noah Harvey, and he desired to retain possession of the

rentals and profits of said lands during his life time; that the consideration for said lands was natural love and affection, together with a consideration of $2,000, as stated in the deed.

It is well settled that the jurisdiction of a court of equity may, in a proper case, be invoked to reform and correct an instrument, and make it state correctly the true agreement of the parties, when it fails so to do. The rule in such cases is that "equity will reform a written contract between the parties whenever, through mutual mistake, or mistake of one of the parties accompanied by the fraud of the other, it does not, as reduced to writing, correctly express the agreement of the parties." *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322, 340, and authorities cited.

Appellees insist, however, that this complaint is bad because it fails "to aver that the alleged agreement to hold in trust was without any fraudulent intent." To support this position counsel cite §4019 Burns 1908, §2976 R. S. 1881, and authorities under note three thereof. This section of the statute, which makes necessary such an allegation in seeking the enforcement of a trust in certain instances, relates to a resulting trust mentioned and provided for by the statute, while the trust sought to be created by the reformation of the instrument here sought to be reformed is an express trust, created, not by operation of a statute, but by the express contract of the parties, and the statute relied upon and the authorities cited by appellees have no application.

Appellees also insist that this complaint is bad because it fails to aver "that there was any consideration moving from appellants to support the alleged trust," and that a "donee or volunteer cannot set up a resulting trust and have reformation, nor in any manner secure specific performance." In suits of this character, seeking the reformation of an instrument in a court of equity, it is the

law, and so conceded by appellants, that the antecedent contract upon which the reformation is based must be founded upon a valuable consideration, and those seeking the reformation must not be mere volunteers. *Baker* v. *Pyatt* (1886), 108 Ind. 61, 71; *Pearson* v. *Pearson* (1890), 125 Ind. 341; *Peterson* v. *Boswell* (1894), 137 Ind. 211; *Mason* v. *Moulden* (1877), 58 Ind. 1; *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322.

Appellants, however, insist that the allegations of this complaint clearly show a consideration, and in this connection insist that, in considering the allegations of the 7. complaint upon this subject, we must treat the deed sought to be reformed as reformed, and that when so reformed it will show a consideration moving, not from appellee Mary J. Hand alone, but from appellants also.

While it is true that, for the purpose of determining whether the instrument sought to be reformed would, when reformed, express a valid and enforceable trust, it is proper that the instrument should be considered as reformed; yet we question whether this same rule would apply in determining whether the complaint alleged a consideration for the trust, in the absence of any allegation in the pleading, or the unreformed instrument showing any consideration moving from the plaintiffs, and in the absence of a showing in the complaint of any relation between the parties tending to support such consideration. In determining the validity of the trust created by the reformation, it is proper to consider the instrument as reformed, because the theory of the suit makes its validity rest upon the reformation, and the complaint in such cases is required to allege the antecedent agreement upon which the reformation is predicated.

No such reason exists for reading into the instrument such reformation in determining whether the complaint alleges a consideration for the estate, or interest in the land, sought to be created by the reformation, but in view of the other

allegations of this complaint we deem it unnecessary to decide this question.

In addition to the consideration of $2,000, expressed in the deed, a copy of which is made a part of the complaint, it is alleged there was the further consideration of love and affection, and that appellants had helped to clear the farm, and that they had already paid a consideration for said deed.

There are allegations also that show that the making of this deed was a part of a family agreement and settlement. As throwing light upon the force and effect that should be given to these allegations in determining the sufficiency of the complaint upon this question, we quote from 12 Am. and Eng. Ency. Law. (2d ed.) 875, which has been frequently quoted with approval by our Supreme Court: "Family agreements and settlements are treated with especial favor by the courts of equity, and equities are administered in regard to them which are not applied to agreements generally, and this on the ground that the honor and peace of families make it just and proper to do so." See, also, *Emmons* v. *Harding* (1904), 162 Ind. 154; *St. Clair* v. *Marquell* (1903), 161 Ind. 56; *Baker* v. *Pyatt, supra; Wright* v. *Jones* (1886), 105 Ind. 17, 27.

"A deed by a father to a son in consideration of services already rendered and love and affection may be reformed. * * * 'It is settled that equity will not intervene for the reformation of a deed which is purely voluntary, resting upon no valuable consideration whatever. * * * On the other hand, if there is any valuable consideration, no difference how small, supplemented by the consideration of love and affection, a mistake in a deed may be reformed.' [*Baker* v. *Pyatt* (1886), 108 Ind. 61.]" *Citizens Nat. Bank* v. *Judy, supra*. See, also, *Mason* v. *Moulden, supra; Baker* v. *Pyatt, supra*.

The language of the court on page 64 of the last case cited is applicable and controlling in this case. It is as fol-

lows: "So far as the conveyance was based upon love and affection, it may be said to have been a gift, but there is a positive averment that the conveyance was made not only in consideration of love and affection, and by way of dividing the land among the children, but also in consideration of $2,600 paid to the grantor. The averments taken together, we think, are sufficient upon the subject of consideration to make the paragraph good as against the demurrer."

These authorities make clear the fact that the allegations of the complaint in this case upon the subject of a consideration are sufficient.

Appellees' next objection to the complaint is that it shows such a lapse of time between the making and the recording of the deed and the bringing of this suit that the cause of action, if any ever existed, has been lost by laches. It must be remembered, however, in this connection, that the complaint also alleges, in substance, that by the terms and provisions of the antecedent parol contract, which it is alleged should have been carried into the deed, the grantor was to retain a life estate in all said real estate conveyed, and the appellants' interest therein was postponed until his death; that said deed was placed of record, with the understanding and belief by all interested therein that all the terms of said parol contract had been carried into said deed; that said grantor did not die until January 4, 1905; that appellants did not know until after his death that such deed did not contain the provisions of said parol contract; that when such alleged omission was brought to their attention, demand was made of appellee Mary J. Hand that she carry out said contract, and she refused.

It should be added, also, that so far as the allegations of this complaint show, the situation of said appellee has in no sense changed during this period. The interest of no third party has intervened. Said appellee has not, by the

delay, been induced to incur any expense on the land, or to do anything to her detriment, but the delay has been to her benefit, rather than to her injury.

While it is true that "equity aids the vigilant, not those who slumber on their rights" (1 Pomeroy, Eq. Jurisp. [3d ed.] p. 695), yet courts of equity have not fixed and cannot fix any definite or specific periods of delay, that, like the statutes of limitations, bar the right to relief in such courts, and each particular case must be determined from its own facts and circumstances; "but in every case, if an argument against relief, which would otherwise be just, is founded upon mere delay, that delay of course not amounting to a bar by any statute of limitations, the validity of that defense must be tried upon principles substantially equitable." *Citizens Nat. Bank* v. *Judy, supra.* See, also, *Lindsay Petroleum Co.* v. *Hurd* (1874), L. R. 5 P. C. 221; *Earl* v. *Van Natta* (1902), 29 Ind. App. 532; *Koons* v. *Blanton* (1891), 129 Ind. 383, 387, 389.

The application of the principles announced in these cases relieve the complaint in this case from the charge that it shows upon its face such laches as amounts to a defense to the cause of action otherwise stated therein.

Lastly, appellees insist that this complaint is bad, because it makes a case within the statute of frauds. This is not a suit to enforce a parol contract for the sale of real estate, or any interest therein, but is an action so to reform a written contract that it will contain and express that which was agreed upon and intended by the parties. In such case the contract is to all intents and purposes written, and "equity deems as done that which the parties to the contract had agreed and intended to do." *Citizens Nat. Bank* v. *Judy, supra.* Under this rule and the allegations of this complaint the deed in question should have contained, and in equity does contain, an express grant to appellee Mary J. Hand of fifty-three and one-third acres of the land conveyed by said deed, to have and to hold said

land in trust for appellants. This is an express trust in writing, in no manner affected by the statute of frauds.

The statute of frauds "does not apply to the correction of mistakes in description" in written instruments. *Morrison* v. *Collier* (1881), 79 Ind. 417, 421.

We think the amended complaint in this case contains all the essential elements of a complaint for the reformation of a written instrument, and that the demurrer thereto should have been overruled.

Judgment reversed, with instructions to the court below to overrule the demurrer to the last amended complaint entitled "Additional Paragraph of Complaint," and for further proceedings in accordance with this opinion.