BIERCE *v.* LEWIS.

[No. 20,518. Filed March 27, 1967. No Petition for Rehearing filed.]

*Hansford C. Mann* and *Mann, Mann, Chaney, Johnson &amp; Hicks*, both of Terre Haute, for appellant.

*C. G. Ball* and *Ball, Eggleston &amp; King*, of counsel, both of Lafayette, for appellee.

FAULCONER, J.—This is an appeal from a judgment dismissing appellant's cause of action for failure to answer interrogatories.

Appellant had previously filed a complaint against appellee for damages. After answering appellant's complaint, putting the cause at issue, appellee filed with the clerk, in vacation, interrogatories in writing to be answered by plaintiff. Later appellee filed his verified motion to dismiss for failure of plaintiff to answer the interrogatories. The motion was sustained, after hearing, and judgment entered dismissing appellant's cause of action.

The dismissal of a cause of action is a final judgment from which an appeal lies. *Meier, etc.* v. *Soc. Sec. Adm. et al.* (1958), 237 Ind. 421, 422, 146 N. E. 2d 239; *Dawson et al* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 630, 129 N. E. 2d 796.

The authority and procedure for interrogatories set forth in Acts 1881 (Spec. Sess.), ch. 38, § 351, p. 240, § 2-1028, Burns' 1946 Replacement, has been interpreted by our courts to require a rule or order against the plaintiff to answer interrogatories within a specified time before the party can be held in default and a motion to dismiss can be sustained.

"A rule must be taken to answer them, [the interrogatories] or the party can not be deemed in default." *Cates* v. *Thayer*

(1884), 93 Ind. 156, 157; *Rice and Another* v. *Derby* (1856), 7 Ind. 649, 651.

"No steps were taken to compel an answer; but a motion was made to dismiss the cause, because the interrogatories were not answered. The motion was overruled. This was right. . . . A case was not presented making it the absolute duty of the Court to dismiss under § 363, 2 R. S. p. 120." *McNamara* v. *Ellis* (1860), 14 Ind. 516.

Although § 2-1028, *supra,* was amended by Acts 1965, ch. 53, § 2, p. 83, the requirement for a rule or order to answer set forth in the above decisions, in our opinion, was not changed.

The 1881 Act, *supra,* provided in this regard that, "[a]ll interrogatories must be answered within the time limited, positively and without evasion, and the court may enforce the answers by attachment or otherwise; . . ." This provision was deleted in the 1965 amendment and, while it provides that "the party upon whom the interrogatories have been served shall serve a copy of the answers . . . within fifteen [15] days . . .", there is no provision whatsoever in the 1965 amendment for the enforcement thereof.

Our Supreme Court set forth the law concerning the right to dismiss an action in this State in *Soderling* v. *Standard Oil Co.* (1950), 229 Ind. 47, at page 53, 95 N. E. 2d 298, as follows:

"The right of a court to dismiss an action in Indiana is limited by Sec. 2-901, Burns' 1946 Replacement. Courts may dismiss actions: (1) '. . . where the plaintiff fails to appear on trial.' (2) '. . . on the refusal to make the necessary parties, after having been ordered by the court.' (3) '. . . on application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.' (4) '. . . for disobedience by the plaintiff of an order concerning the proceedings in the action.'

'In all other cases, upon the trial, the decision must be upon the merits.' Certainly there is nothing in this statute authorizing the trial court in this case to dismiss the action.

574

The only inherent power of dismissal possessed by the trial court is to dismiss an action of which it has no jurisdiction. There is no question concerning the trial court's jurisdiction of this action. See *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181." See also: *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C.* (1956), 235 Ind. 218, 132 N. E. 2d 707.

Since no rule to answer interrogatories was served upon plaintiff-appellant, and since there is no issue of the jurisdiction of the trial court, the trial court erred in sustaining appellee's motion to dismiss.

Appellee filed herein his motion to dismiss, or, in the alternative, that the judgment below be affirmed. Such motion to dismiss or affirm has been considered and inasmuch as we are of the opinion that appellant's brief is sufficient to present the question involved in this appeal, such motion is now overruled.

Judgment reversed with instructions to deny appellee's motion to dismiss appellant's cause of action for failure to answer interrogatories.

Reversed with instructions to deny appellee's motion to dismiss.

Cooper, C. J., Carson and Prime, JJ., concur.

NOTE.—Reported in 224 N. E. 2d 514.