EIDSON'S PAINT & BODY SHOP, INC. *v.* COMMERCIAL CREDIT PLAN, INC., ET AL.

[No. 169A6.    Filed December 23, 1969.]

*Paul T. Rochford, Alex Baker,* of Indianapolis, for appellant.

*Norman E. Brennan,* of Indianapolis, for appellees.

WHITE, J.—The court below sustained plaintiff-appellee's (Commercial Credit Plan, Inc.) demurrer to appellant's cross-

complaint[1] for want of facts to state a cause of action against plaintiff-appellee. Appellant refused to plead over and judgment was rendered that appellant take nothing, by its cross-complaint against plaintiff-appellee.[2] The sustaining of the demurrer is assigned as error.

The pertinent facts alleged in the cross-complaint are these:

The "titled owners" of the automobile, being defendant-appellees Kenny and Sheffield, delivered the automobile to appellant for repairs which were completed on November 11, 1966, in the reasonable amount of $1,403.90. By reason of the failure of appellees Kenny and Sheffield to pay the repair bill and take possession of the automobile appellant was required to store it from November 11, 1966, to and including February 24, 1967, for which the reasonable charge was $106.00. Notice of intent to hold a lien for the total amount of the repair bill and storage bill was filed in the recorder's office March 23, 1967, within sixty days "after the completion of said repairs and storage". (Obviously more than sixty days after completion of repairs.)

The fact that plaintiff-appellee is making a claim in or to the automobile adverse to appellant's claim to a lien, and that plaintiff-appellee's adverse claim is a "perfected security interest", the parties presumably recognize as being inferable from various conclusions alleged in the cross-complaint.

The sufficiency of those facts to state a cause of action against plaintiff-appellant has been challenged in only one

---

1. Appellant's pleading, in its caption, is denominated "Intervening Petition and Cross-Complaint . . . ." and appellant therein calls itself "the intervening petitioner," notwithstanding the fact appellant had previously been admitted to the lawsuit as a party defendant. The court's judgment also refers to the appellant as "intervening petitioner" and to its pleading as "its intervening petition." We choose to call it a cross-complaint since that term is not only more accurate but more descriptive.

2. Appellant recovered judgment against defendants Lillian Kenny and Andrew Sheffield who are named as appellees in the assignment of errors, but who have not appeared. No question is raised concerning the judgment against them.

respect: Whether the appellant's lien has been perfected by timely filing pursuant to Burns Ind. Stat. Ann. § 43-809. Heeding the admonition of the Supreme Court that "[i]t is always a dangerous and hazardous matter for any court to attempt to determine an issue without the help of the counsel in the cause and without giving the parties an opportunity to present their respective viewpoints",[3] we have decided the sufficiency of the cross-complaint's allegations solely on the issue presented by the parties. And because we find that the notice was timely filed as respects the storage charges, though untimely as to repair charges, we reverse. The possibility remains, however, that the court below found the facts alleged insufficient in some respect not pointed out to us by counsel[4] and, conversely, the possibility exists that the facts alleged may show that appellant has a lien given by a rule of law or by some statute[5] other than Burns Ind. Stat. Ann. §§ 43-807 through 43-812. As to such possibilities, this opinion is, of course, no precedent.

The pertinent portions of the statutes on which the parties rely read as follows:

"§ 43-807. Liens for repair, storage, service and supplies for certain motor equipment.—Every person engaged in repairing, storing, servicing, or furnishing supplies or accessories for motor vehicles . . . and every person engaged in maintaining a motor vehicle garage, . . . shall have a lien on any such motor vehicle . . . stored, repaired, serviced, or maintained, for his reasonable charges for such repair work, storage or service, including reasonable charges for

---

3. *J. I. Case Co.* v. *Sandefur*, 245 Ind. 213, 216, 197 N. E. 2d 519, 3 Ind. Dec. 213 (1964).

4. While the demurring party (the plaintiff-appellee herein) would have been limited to the defects pointed out in its memorandum had the demurrer been overruled, that same party is under no such limitation when arguing that no error was committed by sustaining the demurrer. This follows from the rule that the appellate tribunal is not limited to the memorandum when the demurrer has been sustained. *Stahl* v. *Kincade*, 135 Ind. App. 699, 704, 192 N. E. 2d 493 (1963); *Bruns* v. *Cope*, 182 Ind. 289, 296, 105 N. E. 471 (1914).

5. See "Indiana Comment" which follows § 19-9-310 in Burns IND. STAT. ANN., Vol. 5, pt. 2 (1964 repl.).

labor, for the use of tools, machinery and equipment, and for all accessories, materials, gasoline, oils, lubricants and other supplies furnished in connection with the repair, storage, servicing or maintenance of any such motor vehicle . . . . [Acts 1949, ch. 189, § 1, p. 610.]

"§ 43-809. Notice of intention to hold lien.—Any person seeking to acquire such lien upon any motor vehicle . . . whether the claim to be secured by such lien be then due or not, shall file in the recorder's office of the county where the repair, service or maintenance work was performed or the storage, supplies or accessories were furnished within sixty [60] days after the performance of such work or the furnishing of such storage, supplies, accessories or materials, a notice in writing of the intention to hold the lien upon such motor vehicle . . . [Acts 1949, ch. 189, § 3, p. 610.]

"§ 19-9-310. Priority of certain liens arising by operation of law.—When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise. [Acts 1963, ch. 317, § 9-310, p. 539.]

Upon the facts alleged it is quite apparent that the making of repairs and the subsequent storing of the automobile were separate and distinct transactions. The repairs were expressly ordered while the storage was not ordered or requested, but was made necessary by the failure of the owners to pay the repair bill and take possession of the automobile. This failure "created a quasi contract or a promise implied in law to pay for such storage".[6] The appellant's notice of intent to hold the lien was not filed in the recorder's office "within sixty days after the performance of such work" (i.e., the performance of the first contract) as required by § 43-809, *supra*. A lien for the repair charges was, therefore, not acquired pursuant to that statute. Such notice was, however, filed "within sixty days after . . . the furnishing of such

6. *Hill & Sanders v. Keneipp*, 109 A. 2d 141, 48 A.L.R. 2d 889, 892 (Mun. Ct. App. Dist. Col., 1954).

storage" (i.e., the performance of the second contract). The lien for storage was acquired pursuant to § 43-809.[7]

In *Dix* v. *Willfred Coal Co.*, 76 Ind. App. 511, 132 N. E. 595 (1921), separate and distinct purchases of supplies were made from time to time over a period of several months. One notice of mechanic's lien was filed for all purchases, but a lien was allowed only for those items purchased within sixty days of the filing.[8] Appellee's counsel has cited that case but made no argument suggesting why the same result should not be reached here. In fact, the memorandum to his demurrer (which his brief invites us to consider as a part of his argument here) argues that "such demur [sic] should be sustained to all of that portion of the intervening petitioner's [the appellant's] cross-complaint which applies to any lien for repair work so that said cross-complaint would only prevail against this demur [sic] as to that portion thereof which is applicable to the storage lien".

A complaint which alleges facts entitling the plaintiff to some relief (although it may be less or different than that which the prayer demands) is good as against a demurrer for want of facts.[9] The same general rules for measuring the sufficiency of a complaint also apply to a cross-complaint.[10]

Appellee does not contend that appellant's lien for storage is not "a lien upon goods in the possession of . . . [appellant]

---

7. It would certainly be possible for an automobile owner to make one contract for repairs and storage. We express no opinion as to an attempt to acquire a lien by filing notice more than sixty days after completion of such repairs but within sixty days of the furnishing of of the storage.

8. The statute involved was apparently Ind. Acts 1909, ch. 116, § 3, p. 295, which (as since amended) is Burns IND. STAT. ANN. § 43-703 (1965 Repl.). Its sixty-day provision for filing notice of intention to hold a lien was almost identical to that of § 43-809, *supra*, the statute here involved.

9. *Harvey* v. *Hand*, 48 Ind. App. 392, 397, 95 N.E. 1020 (1911); *Neal* v. *Baker*, 198 Ind. 393, 399, 153 N.E. 768 (1926).

10. *Rausch* v. *Trustees*, 107 Ind. 1, 8 N.E. 25 (1886); *Leach* v. *Rains*, 149 Ind. 152, 163, 48 N.E. 858 (1897).

given by statute . . . for . . . services . . . [performed by appellant in the ordinary course of his business]." Nor does appellee contend that the statute which gives the lien "expressly provides otherwise" as to priority. Therefore, pursuant to Burns IND. STAT. ANN. § 19-9-310, appellant's lien for storage charges takes priority over plaintiff-appellee's "perfected security interest."

Appellant also contends the trial court is in error in refusing to dismiss plaintiff-appellee's cause of action for failure to answer interrogatories. The record discloses that appellant filed and served interrogatories on plaintiff-appellee and later filed a written motion to dismiss plaintiff-appellee's complaint "for the reason that plaintiff [appellee] has failed to comply with Sec. 2-1028 of Burns Indiana Statutes." That motion was never ruled on by the court below.

Appellant acknowledges that § 2-1028 contains "no provision for the enforcement thereof", but reasons that since it is patterned from Rule 33, Federal Rules of Civil Procedure, the sanction provided by Rule 37(d), F. R. Civil P. should apply. The fallacy in that argument is that while the 1965 amendment adopted Federal Rule 33 no amendment has yet changed the preexisting Indiana law as to sanctions for failure to answer interrogatories. As we said in *Bierce* v. *Lewis,* 140 Ind. App. 571, 224 N. E. 2d 514 (1967): "Although § 2-1028, *supra,* was amended by Acts 1965, ch. 53, § 2, p. 83, the requirement for a rule or order to answer set forth in . . . [*Cates* v. *Thayer,* 93 Ind. 156 (1884)], in our opinion, was not changed."[11] We there reversed a judgment dismissing an action for plaintiff's failure to answer interrogatories when no order to answer had previously been entered.

The judgment that appellant take nothing against plaintiff-appellee on its cross-complaint (or "intervening petition") is

---

11. Trial Rules 33 and 37, effective January 1, 1970, retain the requirement for a court order.

reversed, with directions to overrule plaintiff-appellee's demurrer to appellant's cross-complaint and for further proceedings not inconsistent with the views expressed herein. Costs are assessed against plaintiff-appellee.

Pfaff, C. J., Hoffman and Sharp, JJ., concur.

NOTE.—Reported in 253 N. E. 2d 717.